IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

OSWALD NEWBOLD, II,

      Petitioner,

v.                                         CASE NO. 4:12-cv-307-WS-GRJ

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS,

      Respondent.

_____/

## REPORT AND RECOMMENDATION

      This case is before the Court on Doc. 7, Petitioner's *pro se* Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The Petition stems from Petitioner's Leon County jury conviction for burglary of a dwelling with personal assault, attempted first degree murder with a firearm, and aggravated battery with a firearm, for which he was sentenced to 55 years imprisonment.  In the petition, Petitioner contends that the Florida Department of Corrections sentenced him in violation of the Eighth Amendment, ex post facto laws, and the Double Jeopardy Clause.  (Doc. 7.)  Respondent filed a Response and Appendix with relevant portions of the state-court record, advocating for dismissal of the Petition on the basis of failure to exhaust and an improper state court issue. (Doc. 13.)  Petitioner filed a Reply to the Response.  (Doc. 17.)

      On May 22, 2013, Petitioner filed a "Motion for Federal Court to Proceed; State Court Remedies Exhausted," which evidenced his belief that the instant proceedings

had been stayed pending Petitioner's exhaustion of his state court remedies.[1]  (Doc. 19.)  This Court issued an Order denying the motion and, in light of the state court decision on the ground raised in Petitioner's federal habeas petition, directed the parties to brief the issue in a supplemental response.  (Doc. 20.)  Subsequently, Respondent filed a Supplemental Answer, Doc. 21, and Petitioner filed a Supplemental Reply Brief, Doc. 22.  Upon due consideration of the Petition, the Response, the state-court record, and the Reply, the undersigned recommends that the Petition be denied.[2]

## State-Court Proceedings

Petitioner was charged in case 91-3912 with one count of burglary of a dwelling with personal assault and one count of aggravated battery.  (Doc. 21 at 44-45.)  He was charged in case 91-4058 with one count of armed burglary of a dwelling with person assaulted, two counts of attempted first degree murder with a firearm, and one count of shooting within a dwelling.  (Doc. 21 at 33-34.)

In case 91-3912, he pled no contest to the burglary charge and the State entered a nolle prosequi with respect to the aggravated battery charge.  (Doc. 21 at 46)  In case

---

[1]Petitioner had not exhausted his state court remedies prior to filing as required by 28 U.S.C. §§ 2254(b)(1), (c).  Respondent filed an Answer to the Petition on September 24, 2012, seeking dismissal on the basis of failure to exhaust and no cognizable violation of federal law.  (Doc. 13.)  However, while the Petition was pending, Petitioner notified the Court that he had exhausted his administrative remedies.  (Doc. 19.)  The Court subsequently directed the parties to brief the merits of the Petition.  (Doc. 20.)  Because the Petition may be resolved on the merits, the Court will not reach the issue of exhaustion in this Report and Recommendation.

[2]Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted.  *See* Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

91-4058, Petitioner pled no contest to one count of attempted first degree murder with a firearm and to the negotiated amendment of the other attempted murder charge to the lesser included offense of aggravated battery with a firearm.  (Doc. 21 at 35.)  The State entered a nolle prosequi with respect to the burglary count and the shooting within a dwelling count.  (Doc. 21 at 32-55.)

In case 91-3912, he was sentenced to a term of life imprisonment for the charge of burglary of a dwelling with person assaulted.  (Doc. 21 at 48-52.)  In case 91-4058, he was sentenced to life imprisonment on the charge of attempted first degree murder and fifteen years imprisonment for the charge of aggravated battery with firearm.  (Doc. 21 at 37-41.)  The sentences all  ran concurrently.  (Doc. 21 at 28-55.)

Petitioner filed a motion for modification of sentence and amended sentencing order.  On February 15, 1993, the court granted his motion and amended his sentence to forty years imprisonment on the charge of attempted first degree murder, fifteen years imprisonment on the charge of aggravated battery with a firearm (to run consecutively to the forty year sentence), and twelve years imprisonment on the charge of burglary of a dwelling with person assaulted.  (Doc. 21 at 53-55.)  His total sentence, after the modification, was fifty-five years imprisonment.  (Doc. 21 at 28-30.)

The court granted Petitioner 23 days of jail credit to each count in case 91-4058 on January 2, 2007.  (Doc. 21 at 56-58.)  An affidavit from a Correctional Services Consultant in the Florida Department of Corrections represents that Petitioner's tentative release date is currently June 9, 2020.  (Doc. 21 at 28-30.)

On October 17, 2011, Petitioner filed a petition for writ of habeas corpus in the

Fifteenth Judicial Circuit Court of Florida.  (Doc. 21 at 60-74.)  The Florida Department of Corrections filed a Motion to Dismiss for Failure to Exhaust Administrative Remedies on January 11, 2012 and an Amended Motion to Dismiss for Failure to Exhaust Administrative Remedies on January 26, 2012. (Doc. 21 at 75-90.)  The court allowed Petitioner to supplement the record to show exhaustion of administrative remedies and issued an order denying the petition on the merits on March 2, 2012. (Doc. 21-1 at 217-218.)

Petitioner appealed the denial to the Fourth DCA.  (Doc. 21-2 at 1-28.)  On May 9, 2013, the Fourth DCA issued an Order affirming the decision, per curiam.  (Doc. 21-2 at 295.)   The mandate was issued on June 10, 2013.  (Doc. 21-2 at 296.)

Petitioner filed the instant petition on June 15, 2012.  (Doc. 7.)  Respondent filed a Response on September 24, 2012, contending that Petitioner had not exhausted his state court remedies and the petition should be dismissed for failure to state a federal claim. (Doc. 13.)  Petitioner filed a reply on October 15, 2012.  (Doc. 17.)

In May of 2013, Petitioner filed a motion titled "Motion for Federal Court to Proceed: State Court Remedies Exhausted."  (Doc. 19.)  In the motion, Petitioner represented that he had exhausted his administrative remedies.  The Court issued an Order directing the parties to supplement the record and file a brief addressing the merits of the petition. (Doc. 20.)  Respondent filed a Supplemental Answer on August 8, 2013, and Petitioner filed a Reply on September 3, 2013. (Docs. 21, 22.)

## Scope of Federal Habeas Review

The role of a federal habeas court when reviewing a state prisoner's application

pursuant to 28 U.S.C. § 2254 is limited.  *Williams v. Taylor*, 529 U.S. 362, 403-04 (2000).  Under section 2254(a), federal courts "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgement of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

Additionally, federal courts must give deference to state court adjudications unless the state court's adjudication of the claim is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined  by  the Supreme  Court  of  the  United  States."  *See*  28  U.S.C.  § 2254(d)(1).  "It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."  *Estelle v. McGuire*, 502 U.S. 62, 67, 112 S.Ct. 475, 116 L.Ed. 2d 385 (1991); *Carrizales v. Wainwright*, 699 F.2d 1053, 1054-55 (11th Cir. 1983).

Moreover, a habeas petition grounded on issues of state law provides no basis for habeas relief, as a violation of a state statute or rule of procedure is not, in itself, a violation of the federal constitution.  *Engle v. Isaac*, 456 U.S. 107, 120-21, 102 S.Ct. 1558, 1568, 71 L.Ed.2d 783 (1982);  *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1989).  A federal writ of habeas corpus is only available in cases of federal constitutional error. *See Jones v. Goodwin,* 982 F.2d 464, 471 (11th Cir.1993); *Krasnow v. Navarro,* 909 F.2d 451, 452 (11th Cir.1990).

The limitation on federal habeas review applies with equal force when a petition, which truly involves only state law issues, is "couched" in terms of alleged constitutional violations.  *Branan*, 861 F.2d at 1508.  Furthermore, the Eleventh Circuit has stated that

"[i]n the area of state sentencing guidelines in particular, we consistently have held that federal courts cannot review a state's alleged failure to adhere to its own sentencing procedures." *Branan,* 861 F.2d at 1508.

## Discussion

Petitioner challenges his sentence arguing that his sentence was miscalculated by the Florida Department of Corrections, in violation of the Eighth Amendment, the Due Process Clause, and the Ex Post Facto clause. The problem with Petitioner's claim is that the claim is a state law claim challenging the application of state sentencing laws and, therefore, the claim is not cognizable on federal habeas review.   *See* 28 U.S.C. § 2254(a); *Engle*, 456 U.S. at 120-21; *Branan*, 861 F.2d at 1508 ("[F]ederal courts cannot review a state's alleged failure to adhere to its own sentencing procedures.").

Despite Petitioner's conclusional assertion that his sentence violated federal constitutional law, Petitioner's claim is not cognizable on federal habeas corpus review because he makes no showing of a federal constitutional violation.  *See* 28 U.S.C. § 2254(a); *Swarthout v. Cooke*, ___ U.S. ___, 131 S.Ct. 859, 861 (2011) ("The habeas statute unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.") (internal quotations and citations omitted); *Estelle,* 502 U.S. at 67 ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

Moreover, Petitioner couches his sentencing claim in terms of due process, ex post facto, and Eighth Amendment violations, but it is clear that the substance of

Petitioner's claim is that the state court erred in the application of its own sentencing law.  This Court has consistently rejected similar habeas corpus claims.  *See*, *e.g., Coley v. McNeil*, 2009 WL 563891 at *2 (N.D. Fla., March 2, 2009).  In *Coley*, the petitioner contended that he was erroneously sentenced as a habitual offender, and because of the error, he was denied due process and equal protection.  *Id.*  This Court concluded that the petitioner was attempting to "couch" his state sentencing claim as one of constitutional error, and found that the petitioner had only presented a state law claim.  *Id.*  Thus, the petitioner's sentencing claim was not cognizable on federal habeas review, and the petitioner was not entitled to federal habeas relief.  *Id.*; *see also Branan*, 861 F.2d at 1508*; Estelle*, 502 U.S. at 71-72; *Carrizales*, 699 F.2d at 1055; *Jones v. Sec'y Dep't of Corr.*, 2006 WL 2724892 at *3 (M.D. Fla., Sept. 22, 2006) (finding that, because petitioner's claim challenging designation as a habitual offender was a matter of state law, his sentencing claim was not cognizable on federal habeas review).

Petitioner's sentencing claim in the instant matter is similar to *Coley*.  Here, Petitioner attempts to couch his state law claims as raising federal issues by broadly claiming that the calculation of his sentence violates due process, and violates the ex post facto clause and the Eight Amendment.  There are no facts alleged that even broadly interpreted that support a claim that the due process clause or the Eighth Amendment are even implicated in the calculation of Defendant's sentence. And the Court is at a loss to divine how the ex post facto clause is even remotely implicated in Petitioner's sentencing claim.  Accordingly, because Petitioner has done nothing more

that couch a garden variety state law sentencing claim as a federal claim by intoning federal constitutional law provisions—with no mention of facts or argument to suggest that there are federal constitutional claims—Petitioner has failed to present a cognizable habeas claim.  Petitioner's claim is, thereofore, foreclosed from federal habeas review.

### Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

## Conclusion

For the foregoing reasons it is respectfully **RECOMMENDED** that the Petition for

a writ of habeas corpus, Doc. 7, should be **DENIED**, and that a certificate of

appealability should be **DENIED**.

**DONE AND ORDERED** this 15th day of May 2015.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.